IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TINA BACA,

        **Plaintiff,**

v.                                                                            **No. CIV-13-1065 LAM**

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Plaintiff's Motion to Reverse and Remand Administrative Agency Decision With Supporting Memorandum (Doc. 16)*, filed June 2, 2014 (hereinafter "motion").   In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case.  *See* [*Docs. 5* and *6*].   On July 16, 2014, Defendant filed a response to the motion.   [*Doc. 17*].   No reply has been filed and the time for doing so has passed.   The Court has considered Plaintiff's motion, Defendant's response, and the relevant law.   Additionally, the Court has meticulously reviewed and considered the entire administrative record.   [*Doc. 11*].   For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED** and the decision of the Commissioner of the Social Security (hereinafter "Commissioner") should be **REMANDED** for further proceedings consistent with this Memorandum Opinion and Order.

# I.   Procedural History

On September 11, 2008, Plaintiff filed an application for Supplemental Security Income (hereinafter "SSI"), alleging that she became disabled on January 1, 1995.  [*Doc. 11-6* at 2-8]. Plaintiff stated that she became disabled due to "Back Problems, Mental Problems, Anxiety, Depression, [and] Thyroid Problems."  [*Doc. 11-7* at 23].   Her application was denied at the initial level on December 15, 2008 (*Doc. 11-5* at 2-4), and at the reconsideration level on February 13, 2009 (*id.* at 10-12).   Pursuant to Plaintiff's request (*see id.* at 15-17), Administrative Law Judge Barbara Perkins (hereinafter "ALJ") conducted a hearing on April 19, 2010. [*Doc. 11-3* at 25-54].   At the hearing, Plaintiff was present, was represented by counsel and testified.   *Id.* at 27 and 33-54.   In addition, Vocational Expert (hereinafter "VE"), Karen Provine, was present, but did not testify.   *Id.* at 27 and 52.

On April 16, 2012, the ALJ issued her decision, finding that, under the relevant sections of the Social Security Act, Plaintiff was not disabled.   *Id.* at 12-24.   Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 7), and, on August 26, 2013, the Appeals Council denied Plaintiff's request for review (*id.* at 2-4), which made the ALJ's decision the final decision of the Commissioner.   On October 30, 2013, Plaintiff filed her complaint in this case. [*Doc. 1*].

# II.   Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)).   If substantial evidence

supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief.  *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).   Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.   *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted).   An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted).   While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084  (10th Cir. 2007)  (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III. Applicable Law and Sequential Evaluation Process

For purposes of SSI, a person establishes a disability when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).   In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim.   20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).   At the first four steps of the SEP, the claimant has the burden to show that: (1) the claimant is not engaged in "substantial gainful activity;" and (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) the claimant's impairment(s) either meet(s) or equal(s) one of the "Listings" of presumptively disabling impairments; or (4) the claimant is unable to perform his "past relevant work."   20 C.F.R. § 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.   At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity (hereinafter "RFC"), age, education, and work experience.   *Grogan*, 399 F.3d at 1261.

### IV.   Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Plaintiff was born on June 20, 1965.   [*Doc. 11-6* at 2].   Plaintiff has held jobs as a bell ringer, clerical worker, mail clerk, student aide, telephone receptionist, and waitress.   [*Doc. 11-7* at 24].   Plaintiff alleges that she is unable to work because of "Back Problems, Mental Problems, Anxiety, Depression, [and] Thyroid Problems."   *Id.* at 23.   Plaintiff's medical records include: a

Psychological Consultative Examination Report, dated November 3, 2008, by Cathy L. Simutis, Ph.D. (*Doc. 11-2* at 2 and *Doc. 11-9* at 24-26); a Consultative Disability Determination Examination Report, dated November 15, 2008, by Harry Burger, D.O. (*Doc. 11-9* at 28-32); a Psychiatric Review Technique, dated November 25, 2008, by Paul Cherry, Ph.D. (*Doc. 11-10* at 29-42); a Mental Residual Functional Capacity Assessment, dated November 25, 2008, by Paul Cherry, Ph.D. (*id.* at 43-46); a Physical Residual Functional Capacity Assessment, dated December 12, 2008, by David P. Green, M.D. (*Doc. 11-11* at 2-9); and two Case Analyses, one dated April 9, 2009, by Janice Kando, M.D. (*id.* at 23), and one dated May 14, 2009, by Jill Blacharsh, M.D. (*id.* at 24).   Where relevant, Plaintiff's medical records are discussed in more detail below.

At step one of the five-step evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since Plaintiff's application date of July 1, 2008. [*Doc. 11-3* at 14].   At step two, the ALJ found that Plaintiff has the following severe impairments: "hypothyroidism, lumbar degenerative disc disease, degenerative joint disease and a meniscal tear in the right knee, obesity, substance use disorders (alcohol, cannabis, and cocaine dependence), a depressive disorder not otherwise specified, and an anxiety disorder not otherwise specified."   *Id.* at 15.   At the third step, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404, Subpt. P, Appx. 1 (20 C.F.R. §§ 416.920(d)).   *Id.*

Before step four, the ALJ determined that Plaintiff has the RFC to perform light work with the following mental limitations: "she can understand, remember, and carry out simple instructions and tasks in work that is primarily object-focused and where she is frequently closely

supervised, as long as she can set her own hours of work on a day-to-day basis." *Id.* at 16.   In

support of the RFC finding, the ALJ stated that "[d]rug and alcohol abuse are material to the

finding of disability," and the ALJ discussed Plaintiff's history of alcohol and substance abuse.

*Id.* at 17.   The ALJ further stated that "[t]he medical records do not support [Plaintiff]'s

allegations of severe anxiety." *Id.* at 17-18 (citing *Doc. 11-11* at 33).   At step four, the ALJ

found that Plaintiff has no past relevant work, so the ALJ proceeded to the fifth step.   [*Doc. 11-3*

at 18].   At the fifth and final step, the ALJ noted that Plaintiff was 43 years old on the date her

application was filed, has at least a high school education, and is able to communicate in English.

*Id.*   The ALJ found that, "[c]onsidering [Plaintiff]'s age, education, work experience, and residual

functional capacity based on all of her impairments, including her substance use disorders, there

are no jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."

*Id.*

The ALJ next considered whether Plaintiff would be disabled if she were to stop the

substance use.   *Id.* at 19.   The ALJ found that, if Plaintiff stopped the substance use, her

remaining limitations would cause more than a minimal impact on her ability to perform basic

work activities and, therefore, she would continue to have a severe impairment or combination of

impairments.   *Id.*   The ALJ found that, if Plaintiff stopped the substance use, Plaintiff would not

have an impairment or combination of impairments that meet or medically equal any of the

Listings found in 20 C.F.R. § 404, Subpt. P, Appx. 1 (20 C.F.R. §§ 416.920(d)).   *Id.*   The ALJ

found that, if Plaintiff stopped her substance use, she would have the RFC to perform light work

"except that she can understand, remember, and carry out simple instructions and tasks with

normal breaks in work that is primarily object-focused." *Id.* at 19.   In support of this finding, the

ALJ stated that, if Plaintiff stopped substance use, Plaintiff's "medically determinable

impairments could reasonably be expected to produce the alleged symptoms; however, [Plaintiff]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC] assessment." *Id.* at 20-21.   The ALJ found that Plaintiff's treatment records do not support Plaintiff's allegations of severe anxiety and panic attacks, and noted that Plaintiff has required only conservative treatment for her complaints of back and knee pain. *Id.* at 21.   The ALJ gave "substantial weight to the opinions of the nonexamining state agency physicians as to the nature and severity of Plaintiff's physical impairments and functioning." *Id.* at 22.   She gave great weight to the opinion of Harry Burger, D.O., in his consultative examination, and gave very little weight to the opinion of A.M. Pratt, M.D. in a progress note dated October 4, 2008 that Plaintiff should remain off work for six months due to back problems. *Id.*   With regard to Plaintiff's mental impairments, the ALJ gave great weight to the opinions of the nonexamining state agency psychologist and psychiatrist, and substantial weight to the opinion of Cathy Simutis, Ph.D. in her consultative evaluation. *Id.* at 22-23.   The ALJ gave great weight to the opinion of Christina Carlson, CNS, as a treating provider to the extent her opinion reflects Plaintiff's functioning with ongoing drug and alcohol abuse, but not to her diagnoses, because the ALJ stated that she is not an accepted medical source. *Id.* at 23.   The ALJ gave no weight to Ms. Carlson's assessment of functioning with regard to abstinence from abused substances because the ALJ stated that Plaintiff was engaging in ongoing substance abuse at the time of Ms. Carlson's assessment. *Id.*   The ALJ concluded that Plaintiff had no past relevant work, so she proceeded to the fifth step. *Id.*   At step five, the ALJ found that, if Plaintiff stopped the substance use, considering her age, education, work experience, and RFC, there would be a significant number of jobs in the national economy that she could perform. *Id.* at 24.   Therefore, the ALJ found that Plaintiff's substance use disorder is a contributing factor

material to the determination of disability, so Plaintiff is not disabled within the meaning of the Social Security Act.   *Id.*

## V.   Analysis

In her motion to reverse or remand, Plaintiff contends that: (1) the ALJ's materiality analysis is unsupported by substantial evidence and is contrary to law (*Doc. 16* at 13-18); (2) the ALJ's RFC determination is unsupported by substantial evidence (*id.* at 18-21); and (3) the ALJ's credibility determination is contrary to law and unsupported by substantial evidence (*id.* at 21-24). In response, Defendant contends that substantial evidence supports the ALJ's findings, the ALJ properly determined that Plaintiff's substance use was material, and the ALJ did not err in her RFC determination or her credibility analysis.   [*Doc. 17* at 3-10].

### A.   The ALJ's Finding Regarding Plaintiff's Substance Abuse

The Social Security Act provides that "[a]n individual shall not be considered to be disabled . . . if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."   42 U.S.C. §§ 423(d)(2)(C); *see also* 20 C.F.R. § 416.935.   If an ALJ finds that the claimant is disabled and has medical evidence of the claimant's drug addiction or alcoholism, the ALJ "must determine whether . . . drug addiction or alcoholism is a contributing factor material to the determination of disability."   20 C.F.R. § 416.935(a).   The "key factor" in making this determination is whether the claimant would still be found disabled if she stopped using drugs or alcohol.   20 C.F.R. § 416.935(b)(1).   A two-step analysis is required to determine whether drug addiction or alcoholism is a contributing factor material to a determination of disability.   First, the ALJ must determine which of the claimant's physical and mental limitations would remain if the claimant refrained from drug or alcohol use.   Then the ALJ must determine whether the claimant's

8

remaining limitations would be disabling.   20 C.F.R. § 416.935(b)(2).   If the claimant's

remaining limitations would not be disabling, the claimant's alcoholism or drug addiction is a

contributing factor material to a determination of disability and benefits will be denied.   20 C.F.R.

§ 416.935(b)(2)(i).   If the claimant would still be considered disabled due to her remaining

limitations, the claimant's alcoholism or drug addiction is not a contributing factor material to a

determination of disability and the claimant is entitled to benefits.   20 C.F.R. § 416.935(b)(2)(ii).

In *Salazar v. Barnhart*, 468 F.3d 615, 623 (10th Cir. 2006), the Tenth Circuit discussed the

two-step analysis when mental impairments are involved.   The opinion refers to a teletype issued

by the Commissioner pertaining to "situations where a claimant has one or more other mental

impairments in addition to [drug and alcohol addiction.]"   *Id.*   The Tenth Circuit noted that the

teletype "stresses the need for careful examination of periods of abstinence and also directs that if

the effects of a claimant's mental impairments cannot be separated from the effects of substance

abuse, the [drug and alcohol addiction] is *not* a contributing factor material to the disability

determination."   *Id.* (emphasis in original).   The teletype also states that "[t]he most useful

evidence that might be obtained in [cases of multiple mental impairments combined with drug and

alcohol addiction] is that [evidence] relating to a period when the individual was not using

drugs/alcohol.   Of course, when evaluating this type of evidence, consideration must be given to

the length of the period of abstinence, how recently it occurred, and whether there may have been

any increase in the limitations and restrictions imposed by the other mental impairments since the

last period of abstinence.   *Id.*   The teletype further indicates that the report of a medical or

psychological consultant could be the basis for a conclusion that drug and alcohol addiction is

material to the determination that a claimant is disabled if the consultant is able to separate the

effects of mental impairments from those of substance abuse and project what limitations would

remain if the claimant stopped using drugs or alcohol.   *Id.*   The Commissioner's teletype instructs that where the record is devoid of any medical or psychological report, opinion, or projection as to the claimant's remaining limitations if she stopped using drugs or alcohol, an ALJ should "find that [drug and alcohol addiction] is not a contributing factor material to the determination of disability."   *Id.* at 624.

Here, Plaintiff contends that the ALJ's finding that Plaintiff's substance abuse was material is in error "because the record only contains a scintilla of evidence that [Plaintiff] may have used marijuana at some time between July 1, 2008 through the April 19, 2010 hearing date," and because the source upon which the ALJ relies for this finding, Dr. Burger, is impeachable and not credible.   [*Doc. 16* at 13].   Plaintiff contends that the ALJ erred by basing her finding that Plaintiff continued substance use during the period under review on Plaintiff's admission to Dr. Burger that she uses marijuana.   *Id.*   Plaintiff contends that her statement in 2009 that she had been sober for three years, and then her statement in 2010 that she had been sober for five years, while contradictory, were not intentionally misleading and do not constitute an affirmative admission by Plaintiff that she was using alcohol during the relevant time period.   *Id.* at 14. Plaintiff contends that the ALJ erred in relying on Dr. Burger's opinion because a New Mexico state court found that Dr. Burger was not qualified to render an expert opinion and was not a credible witness in a case, a West Virginia hospital permanently suspended Dr. Burger's hospital privileges in 1998 for falsifying or altering patient records, and an Arizona facility permanently denied him clinical privileges in 2000 for failing to disclose negative credentialing information about himself.   *Id.* at 14-15.   Plaintiff also notes that Dr. Burger is not currently licensed in New Mexico.   *Id.* at 15.   Plaintiff states that affidavits attached to Plaintiff's appeal of the ALJ's decision regarding three other Social Security claimants demonstrate that Dr. Burger "straight out

lied about his personal observations of claimants' physical abilities, manufacturing results that were detrimental to the claimants' cases." *Id.* Plaintiff contends that Dr. Burger's opinion that Plaintiff's anxiety and depression "was most probably added to by her drug use," should be discounted because neither Plaintiff nor Dr. Burger is a psychiatrist or psychologist, and because Dr. Burger is not a credible source. *Id.* (internal citation marks omitted).

In addition to objecting to Dr. Burger's opinion, Plaintiff contends that the ALJ erred by: opining that Plaintiff's statements to Dr. Simutis regarding anxiety and memory problems may be the result of ongoing drug use; emphasizing that Plaintiff's psychiatric disorders were "not otherwise specified;" and relying on acupuncture records to show that Plaintiff admitted to alcohol, cocaine and marijuana use on September 4, 2008. *Id.* at 15-17. Plaintiff contends that her statement on September 4, 2008 does not reflect that she was using those particular drugs on or near that date. *Id.* at 17. Plaintiff also contends that the ALJ failed to provide substantial evidence that Plaintiff would not be disabled if she ceased her alleged marijuana use, and Plaintiff contends that her disabilities would remain absent the alleged substance use. *Id.* Finally, Plaintiff notes that the VE gave no testimony about the effect of the cessation of substance use on Plaintiff's RFC. *Id.*

In response, Defendant states that the ALJ properly relied on Dr. Burger's report of Plaintiff's statement to him that she used marijuana, and that other evidence in the record supported this statement. [*Doc. 17* at 4-5]. Defendant contends that the ALJ was not required to obtain VE evidence at step five because the ALJ's RFC determination did not significantly erode the occupational base for light work. *Id.* at 5.

The ALJ found that Plaintiff has the following severe impairments: "hypothyroidism, lumbar degenerative disc disease, degenerative joint disease and a meniscal tear in the right knee,

obesity, substance use disorders (alcohol, cannabis, and cocaine dependence), a depressive disorder not otherwise specified, and an anxiety disorder not otherwise specified." [*Doc. 11-3* at 15].   The ALJ further found that if Plaintiff stopped the substance use, she would have the RFC to perform light work as long as the work is limited to her being able to "understand, remember, and carry out [only] simple instructions and tasks with normal breaks in work that is primarily object-focused," and that this RFC provides a significant number of jobs in the national economy that Plaintiff could perform.   *Id.* at 19 and 24.   In finding that the Plaintiff would not be disabled if she stopped the substance abuse, the ALJ relied on a counselor's notation that Plaintiff was talkative during a group counseling session and appeared comfortable, that Plaintiff attends church on a regular basis, that Plaintiff worked on one occasion as a movie extra, that Plaintiff reported that her depression was well controlled with Zoloft (*id.* at 21), Plaintiff's reports of daily and social activities, and her statement to Dr. Simutis that she was going to be using her phone to remind her to take a second dose of a medication (*id.* at 22).   In addition, the ALJ relied on the consultative examination of Dr. Burger and "his recordation of [Plaintiff]'s statements to him that show her history of drug and alcohol abuse and its effect on her mental functioning" (*id.*, citing Dr. Burger's evaluation at *Doc. 11-9* at 28-32), and on the opinions of the nonexamining state agency psychologist and psychiatrist (*Doc. 11-3* at 22-23).   The ALJ stated that she relied on the opinion of Plaintiff's treating psychiatric clinical nurse, Ms. Carlson, "to the extent only that [her opinion] reflects [Plaintiff's] functioning with ongoing drug and alcohol abuse."   *Id.* at 23.   The ALJ discounted Ms. Carlson's opinion with regard to Plaintiff's functioning absent substance abuse, because the ALJ stated that "the record shows that [Plaintiff] was engaging in ongoing substance abuse in that period."   *Id.*

Plaintiff fails to provide any support for her contentions that the ALJ erred in her materiality analysis because there is only "a scintilla" of evidence that Plaintiff used marijuana during the relevant time period, and because Dr. Burger has been found to be not credible in a state court, is not admitted in two facilities, is not licensed in New Mexico, and has had allegations made against him in other cases.   Without any authority to rely on regarding these contentions, the Court finds that the ALJ did not err in her materiality analysis for these reasons.

However, in considering the ALJ's determination of whether Plaintiff's substance abuse is a contributing factor material to the determination of disability, the Court finds that the ALJ erred by failing to state whether she considered evidence from a time period when Plaintiff was not using drugs or alcohol.   While the ALJ relied on the opinion of Dr. Burger that Plaintiff is able to perform work if she is not using alcohol and drugs (*Doc. 11-9* at 31), neither Dr. Burger nor the ALJ delineate this time period of abstinence, and they do not state the length of the period of abstinence, how recently it occurred, or whether there may have been any increase in the limitations and restrictions imposed by Plaintiff's other mental impairments since her last period of abstinence.   *See Salazar*, 468 F.3d at 623.   In addition, Dr. Burger's opinion appears to be based solely on Plaintiff's statements to him and not on any medical evidence regarding Plaintiff's functioning when she is not using alcohol and drugs, and Dr. Burger only examined Plaintiff one time.   *See McGoffin v. Barnhart*, 288 F.3d 1248, 1253 (10th Cir. 2002) ("This court has long held that findings of a nontreating physician based upon limited contact and examination are of suspect reliability.") (citation and internal quotation marks omitted).   Therefore, the Court finds that Dr. Burger's opinion regarding Plaintiff's functioning absent substance abuse does not constitute substantial evidence that Plaintiff's mental disorders are not disabling absent her substance abuse.

In addition, the Court finds that the ALJ's reliance on Plaintiff's statements regarding her functioning, and on the opinions of the non-examining medical consultants, fail to support a conclusion as to Plaintiff's remaining limitations in the absence of substance abuse.   The ALJ notes that Plaintiff could function well during group counseling sessions, and was able to work one day as a movie extra; however, the ALJ fails to state whether this time period was during a period of abstinence, or was during a period of drug or alcohol use.   *See* [*Doc. 11-3* at 21].   The ALJ's reliance on the state agency opinions fails to take into account their conflict with the opinions of Dr. Simutis, who found that Plaintiff had moderate limitations in her ability to understand and remember instructions, and to interact with coworkers and the public (*id.* at 22-23, citing *Doc. 11-9* at 26), and with the opinion of Ms. Carlson that Plaintiff "would have extreme difficulty tolerating the daily stresses a full time job entails" (*Doc. 11-13* at 62).   The ALJ's rejection of Dr. Simutis and Ms. Carlson's opinions, in favor of Plaintiff's statements and the state agency opinions, absent substantial evidentiary support, is in error.   *See, Zemp-Bacher v. Astrue*, No. 10-5067,  477  Fed.  Appx. 492, 495,  2012  WL  1327815  (10th Cir.  April  18,  2012) (unpublished) (finding that the ALJ erred in rejecting a medical source's opinion indicating numerous moderate limitations if the claimant were abstinent based only on the claimant's testimony that she was doing better since starting counseling and medication, and on treatment notes indicating some improvement, neither of which amounted to substantial evidentiary support for the ALJ's conclusion).   As the Tenth Circuit stated in *Zemp-Bacher*, "no reasonable mind could find the vague bits of evidence noting some improvement enough to support a conclusion that [the claimant] would not be disabled in [the] absence of addiction."   *Id.* at 495; *see also Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (an ALJ may not "pick and choose

among medical reports, using portions of evidence favorable to his position while ignoring other evidence") (citation and internal quotation marks omitted).

Therefore, the Court finds that the ALJ erred in finding that Plaintiff's substance abuse was material to the determination of disability because the ALJ did not set forth whether she considered evidence from a sustained period of abstention from substance abuse.  *See* Soc. Sec. Rep. 13-2p, 2013 WL 621536 at \*7, ¶7(d) (explaining that a finding that the ALJ should find that a claimant's substance abuse is not material "if the record is fully developed and the evidence does not establish that the claimant's co-occurring mental disorder(s) would improve to the point of nondisability in the absence of [the substance abuse]").   The ALJ's reliance on Dr. Burger's opinion is misplaced because he did not demonstrate that he was able to separate the effects of Plaintiff's mental impairments from those of substance abuse, and project what limitations would remain if Plaintiff stopped using drugs or alcohol.  *See Salazar*, 468 F.3d at 623.   For these reasons, the Court finds that this case should be remanded for further consideration of the effect, if any, of Plaintiff's substance abuse on her impairments, in accordance with the holding of *Salazar* and the requirements of Soc. Sec. Rep. 13-2p.

The Court declines to reach Plaintiff's remaining claims -- that the ALJ's RFC and credibility determinations were in error -- because those issues may be affected by the ALJ's treatment of this case on remand.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) (declining to reach the remaining issues raised by the claimant because they may be affected by the ALJ's treatment of the case on remand), *Robinson v. Barnhart*, 366 F.3d 1078, 1085 (10th Cir. 2004) (declining to reach the claimant's step-five claims because they may be affected by the ALJ's resolution of the case on remand), and *Lopez v. Astrue*, No. 09-2187, 371 Fed. Appx. 887, 889 and 892 n.6, 2010 WL 1172610 (10th Cir. March 29, 2010) (unpublished) (after

finding that the ALJ erred by failing to articulate what weight she gave to the treating physicians'

opinions, the Tenth Circuit declined to reach claims regarding the ALJ's reliance on the VE's

testimony, the ALJ's credibility assessment, and the claimant's subjective complaints of pain,

because those issues may be affected by the ALJ's treatment of the case on remand) (citing

*Robinson*, 366 F.3d at 1085).

## VI.   Conclusion

For the reasons stated above, the Court **FINDS** that the Commissioner's decision should be

remanded to properly consider whether Plaintiff's substance abuse is a contributing factor material

to the disability determination, as set forth above.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Reverse and Remand*

*Administrative Agency Decision With Supporting Memorandum (Doc. 16)* is **GRANTED** and

this case is **REMANDED** to the Commissioner for further proceedings consistent with this

Memorandum Opinion and Order.   A final order will be entered concurrently with this

Memorandum Opinion and Order.

**IT IS SO ORDERED.**

**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**

16